# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| T & L OUTDOORS, LLC, | } | Case No.10-41937-JJR-11 |
| | } | |
| Debtor. | } | |

## OPINION AND ORDER

This matter came before the Court on October 25, 2011 for an evidentiary hearing on the Debtor's Motion for Order Directing Payment of Certain Post-petition Obligations of the Debtor (Doc. 315), and NobleBank's Objection thereto (Doc. 319). At the conclusion of the hearing, the parties were given an opportunity to submit briefs, and both NobleBank (Doc. 334) and the Debtor (Doc. 337) did so. The instant dispute originates in Paragraph 14 of the parties' Settlement Term Sheet, which was incorporated into and formed the basis of the Debtor's Liquidation Plan (Doc. 176). That paragraph allowed the Debtor to use up to $25,000 per month from the "Lockbox Account" to pay "Approved Expenditures." To qualify as an Approved Expenditure, the Debtor was required to make a written (actually e-mail) request for approval of each expenditure it wanted to be paid. The "Disbursing Party" (NobleBank) was to give notice (presumably via return e-mail) whether or not the request was approved. Neither party offered into evidence any e-mail correspondence that would have indicated whether they followed this procedure, thus the Court presumes it was ignored. The Court must now attempt to convert the parties' fish soup back into an aquarium, based upon the following findings of fact and conclusions of law.

The Court has considered the pleadings, the arguments of counsel, the testimony of the witnesses, the exhibits admitted into evidence at the hearing, and the parties' post-hearing submissions, and concludes that the operating expenses for January 2011 did not equal or exceed the agreed-upon monthly maximum of $25,000 because NobleBank improperly included property taxes in its calculations of expenditures for that month.  January 2011 operating expenses totaled $20,279.80 rather than $28,381.80 as originally determined by NobleBank.  Thus the $25,000 monthly maximum for January 2011 was not met, and there was sufficient availability to pay the January 2011 returned checks totaling $1,464.06.  These checks were as follows:

> No. 5311 Simple Outdoors -$280.64
> No. 5334 UPS - $62.22
> No. 5337 Curvin & King - $160.00
> No. 5338 Opportunity Center - $196.20
> No. 5340 Rice Pest Control -  $40.00
> No. 5341 WHMA-FM - $500.00
> No. 5342 Curvin & King - $225.00.

When NobleBank closed the escrow account that had been created pursuant to the Settlement Term Sheet, it paid the balance remaining in that account – $1,922.08 –  to the Debtor. (See Exhibit "A" to Doc. 319,  transmittal letter dated October 3, 2011 from NobleBank's counsel to Debtor's counsel).   According to the letter, the payment was to "satisfy the Debtor's Motion for Order Directing Payment."  There was no evidence that the Debtor was otherwise entitled to the remaining escrow balance.  Thus, the Court agrees with NobleBank, that the $1,464.06 needed to cover the January 2011 returned checks was satisfied through the payment of the $1,922.08 escrow account balance.

The Court finds that NobleBank owes nothing for pre- or post-petition gift cards, as neither was mentioned in the parties' Settlement Term Sheet, there was no credible evidence they were ever elevated to Approved Expenditures under the parties' agreed-upon procedure for approval of operating expenditures, and they were never allowed as administrative expenses. Likewise, the Debtor is not entitled to any recovery for the December 2011 returned checks – the $25,000 maximum for that month having been otherwise exhausted.

Accordingly, the Debtor's Motion for Order Directing Payment of Certain Post Petition Obligations of Debtor (Doc. 315) is DENIED and NobleBank's Objection thereto (Doc. 319) is SUSTAINED.

So Done and Ordered this 29th day of December 2011.

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge